**James Larry PURVIS, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 03–5052.

United States Court of Appeals,
Federal Circuit.

DECIDED: Oct. 7, 2003.

Rehearing En Banc Denied
Nov. 21, 2003.

Before SCHALL, BRYSON, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

James Larry Purvis appeals from a decision of the United States Court of Federal Claims dismissing his complaint as barred by the statute of limitations. Because we agree with the court that Mr. Purvis's claim for disability retirement benefits was not brought within the six-year statutory period provided by 28 U.S.C. § 2501, we *affirm.*

## BACKGROUND

Mr. Purvis was a member of the United States Army from 1964 to 1977. Between 1964 and 1970, he served tours of duty in Korea and Vietnam. According to his complaint, he suffered multiple injuries during his second tour in Vietnam, including a gunshot wound to his right leg that severed his hamstring. In February 1971, a military physician prohibited Mr. Purvis from being assigned to any war zone because of severe anxiety. Shortly thereafter, Mr. Purvis was prescribed Valium for his psychological problems. He continued to be treated with Valium between 1973 and 1977.

In February 1974, Mr. Purvis requested medical retirement due to his health problems. Record evidence before the Court of Federal Claims shows that, as part of the process of seeking retirement, Mr. Purvis completed a "Report of Medical History" form. That form included statements by Mr. Purvis that he had been treated for a psychological condition and that he had sustained injuries to his head and leg during service. Mr. Purvis also noted that he was completing the form "to apply for disability."

On August 23, 1974, without receiving medical retirement, Mr. Purvis was transferred to Fort Wainwright, Alaska. The trial court record shows that when Mr.

Purvis underwent a routine physical evaluation in January 1977 he filled out another "Report of Medical History" form. On that form, Mr. Purvis again noted his compromised mental condition and his leg injury, but he also indicated that he was not the subject of any pending disability proceedings. Mr. Purvis was honorably discharged from the Army on April 5, 1977. Mr. Purvis acknowledged on his "Report of Separation from Active Duty" that he was not entitled to disability severance pay.

In 1997, Mr. Purvis applied to the Army Board for the Correction of Military Records ("Correction Board") for a Purple Heart medal, but the Correction Board denied that request. In July 2000, Mr. Purvis submitted another application for a Purple Heart medal and included a request for physical disability retirement. The Correction Board formally denied Mr. Purvis's application on April 4, 2001. Three weeks later, Mr. Purvis filed a complaint in the Court of Federal Claims seeking medical retirement benefits dating back to his separation from the Army in 1977.

The government moved to dismiss the complaint, arguing that the six-year statute of limitations began running on Mr. Purvis's date of separation in 1977, because Mr. Purvis had acknowledged that he was not entitled to disability retirement pay for a known disability. Mr. Purvis responded that the only review board that ever heard his disability retirement claim was the Correction Board, and that his claim was therefore timely because it was brought shortly after the Correction Board decision that rejected his claim for disability retirement.

The trial court granted the government's motion. Because of lack of documentation, the court rejected the government's argument that Mr. Purvis's

application for disability retirement was heard by a Medical Evaluation Board or a Physical Evaluation Board or that his application was finally acted upon by a competent board. Rather, it held that, at the time of Mr. Purvis's discharge from military service, he was sufficiently aware of his disability and the disability entitlement process to ask for disability retirement. Therefore, the court held, his claim accrued at the latest upon his severance and was barred by the statute of limitations.

## DISCUSSION

On appeal, Mr. Purvis contends that, under the Court of Claims' decision in *Harper v. United States*, 159 Ct.Cl. 135, 310 F.2d 405, 406 (1962), if the Correction Board is the first competent board to decide or be asked to decide whether a veteran is entitled to disability retirement pay, the cause of action does not accrue until after the Correction Board considers the claim. Mr. Purvis thus argues that because he did not file a claim for disability retirement with the Correction Board until 1999 and because the Correction Board did not rule on that claim until 2001, the six-year limitations period for filing an action in the Court of Federal Claims had not run at the time he filed his complaint.

As the trial court explained, the "first competent board" rule provides that a service member's claim of entitlement to disability retirement from military service ordinarily does not accrue until an appropriate board finally decides such a claim. *Real v. United States*, 906 F.2d 1557, 1560 (Fed.Cir.1990). Normally, that occurs at or before the service member's discharge from service, and if an appropriate board was requested by the service member and the request was refused, or if the board heard the service member's claim but denied it, the limitation period begins to run upon discharge. *Id.; Friedman v. United*

*States,* 159 Ct.Cl. 1, 310 F.2d 381, 390 (1962). However, in some cases, no board addresses the claim of entitlement to disability retirement until the claim is presented to the pertinent Correction Board. In those cases, the statute of limitations normally does not begin to run until the Correction Board's decision. *Real,* 906 F.2d at 1560; *Friedman,* 310 F.2d at 390.

The trial court set forth the "first competent board" rule, but correctly noted that it is subject to an exception for cases in which the service member is aware of the prospect of disability retirement but does not obtain a decision entitling him or her to disability retirement from the appropriate board during service. In *Friedman v. United States, supra,* a companion case to *Harper,* the Court of Claims explained that when a service member is "sufficiently alerted to the possible existence of a disability to ask for or appear before a Retiring Board," the awareness of the disability coupled with awareness of the review board process causes the disability claim to accrue at that time. 310 F.2d at 402. *See also Miller v. United States,* 175 Ct.Cl. 871, 361 F.2d 245 (1966) (when plaintiff was aware of his right to seek disability retirement and was aware that the military was not going to grant disability retirement to him, the statute of limitations began to run immediately, rather than after the post-discharge decision of the Correction Board).

Mr. Purvis acknowledges, and the record indicates, that he applied for disability retirement in February 1974. While the record does not make clear what happened to his claim, it shows that as of 1977 Mr. Purvis indicated that his disability retirement claim was no longer pending. Based on Mr. Purvis's allegations and the documentation before the Court of Federal Claims, it is clear that Mr. Purvis was sufficiently aware of his medical problems by February 1974 to ask for disability

retirement. When Mr. Purvis was discharged in April 1977, the record shows that the Army was not granting him disability retirement, which indicates that his claim was denied at some point between 1974 and 1977. Thus, Mr. Purvis's claim accrued, at the latest, on the date of his separation in 1977. *See Real,* 906 F.2d at 1560.

Mr. Purvis argues in the alternative that he was not aware of the extent of his disability until September 15, 1999, and therefore the limitations period has not expired. While a serviceman who did not appreciate the progressive or serious nature of his disability will not be precluded by the limitations period from pursuing his late-discovered claim, *Friedman,* 310 F.2d at 402, that scenario is not applicable here because Mr. Purvis was sufficiently concerned about the extent of his injuries to apply for disability in 1974. Because we find Mr. Purvis's other arguments similarly unpersuasive, we uphold the trial court's decision dismissing Mr. Purvis's claim as time barred.